

**FILED**
**AUGUST 7, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STEPHEN P. MILLER | § | |
| | § | |
| v. | § | 2:08-CV-243 |
| | § | |
| UNITED STATES OF AMERICA | § | |

### REPORT AND RECOMMENDATIONTO DISMISS IN PART MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Defendant STEPHEN P. MILLER has filed with this Court a Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that defendant's motion should be DISMISSED in part.

### I.
### PROCEDURAL BACKGROUND

On July 13, 2006, a jury convicted defendant of income tax evasion. In September 2006, the Court sentenced defendant to serve a forty-six-month term of incarceration and pay $968,836.27 in restitution. In April 2008, the Fifth Circuit affirmed the judgment on direct appeal. *See United States of America v. Stephen P. Miller*, 520 F.3d 504 (5th Cir. 2008). The United States Supreme Court denied defendant's petition for writ of certiorari in October 2008. Two months later, defendant filed the instant motion to vacate, set aside, or correct sentence.

### II.
### DEFENDANT'S ALLEGATIONS

Defendant bases his original and amended motion on the following arguments:

1. Defendant received ineffective assistance of counsel because his trial attorney incorrectly advised him of the repercussions of proceeding to trial.

2. Defendant received ineffective assistance of counsel because his trial attorney failed to object to the imposition of restitution upon sentencing.

3. The prosecutor wrongfully withheld a key witness's criminal history, in violation of *Brady*. *See Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

4. The trial court erred by applying the Sentencing Guidelines in a mandatory fashion, in violation of *Booker*. *See United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

5. The trial court erred by allowing impermissible hearsay to enhance his sentence in violation of *Crawford*. *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).

6. Defendant's sentence violated the Indictment Clause of the Fifth Amendment because the indictment failed to allege offenses for which his sentence was enhanced.

## III.
## COGNIZABLE SECTION 2255 CLAIMS

As an initial matter, claims are not cognizable on a section 2255 motion if they were raised and rejected on direct appeal. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions."). "Section 2255 may not be used to secure a second direct appeal." *United States v. McCollom*, 664 F.2d 56, 59 (5th Cir. 1981). Once an issue has been disposed of on direct appeal, "[i]t may not be resurrected and urged anew; it is a thing adjudged and definitively resolved." *Id.*

Moreover, if a claim could have been raised on direct appeal but was not, it is procedurally defaulted for purposes of collateral review.

> Once the defendant's chance to appeal has been waived or exhausted . . . we are entitled to presume he stands fairly and finally convicted, especially when . . . he already has had a fair opportunity to present his federal claims to a federal forum. Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks. To the contrary, a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal.

*United States v. Frady*, 456 U.S. 152, 164-65, 102 Sl. Ct. 1584, 1592-93, 71 L. Ed. 2d 816 (1982).

Such claims will not be considered unless the defendant demonstrates cause for his procedural default and actual prejudice resulting from the error, or demonstrates that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent. *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

IV.
MERITS OF DEFENDANT'S ALLEGATIONS

*A. Ineffective Assistance of Counsel*

In his first two points of error, defendant contends he received ineffective assistance of counsel. Defendant first avers his trial counsel informed him he would only receive a three-month reduction in his sentence if he accepted a plea agreement, when, in fact, he would have received a three-level reduction, reducing his sentence by thirteen months. Defendant presents his own sworn statements and the affidavit of his brother, who witnessed the conversation between defendant and the attorney, that the attorney said, "three-month reduction," not "three-level reduction" when describing the benefit of accepting a plea agreement. Defendant additionally states that but for this advice, he would have entered into a plea agreement. In response, the government has presented the sworn affidavit of defendant's trial attorney, in which the attorney states he properly advised defendant of the three-level reduction in sentence.

Next defendant contends he received ineffective assistance of counsel because his trial attorney failed to object to the improper imposition of restitution. Defendant was convicted under Title 26 of the United States Code and contends restitution is allowed only for convictions under Title 18 of the United States Code. Therefore, when the court ordered restitution, the attorney should have objected. In its response, the government argues, "claims of ineffective assistance of counsel regarding court-ordered restitution do not pertain to unlawful custody and, accordingly, fall outside the scope of section 2255." (Response in Opposition to Motion Under 28 U.S.C. § 2255, pg. 4). While there is considerable merit to the government's position, these ineffective assistance of counsel claims require further development. The Court withholds making a Report and Recommendation as to them until after an evidentiary hearing has been held.

### B. Prosecutorial Misconduct

In his third point of error, defendant contends the prosecutor violated *Brady* by withholding a government witness's criminal history. *See Brady*, 373 U.S. 83, 83 S. Ct. 1194. Defendant basis this argument off of two documents: a plea agreement entered into in 2001 by the contested government witness, Charles Matich, and a breach of plea agreement dated 2007, indicating the government was in possession of Matich's business records. By the time the breach of plea agreement was filed, defendant Miller had already filed his opening brief directly appealing the judgment in the Fifth Circuit. After the case on appeal was abated, the District Court refused to grant defendant a new trial based on the same *Brady* argument he now presents. The Fifth Circuit then took up the issue, thoroughly discussed it, and determined it had no merit. *See Miller*, 520 F.3d at 514-15.

Because the Fifth Circuit has already decided this issue on direct appeal, it cannot be taken up again on collateral review. *See Kalish*, 780 F.2d at 508. To the extent defendant's argument on this point was not presented on direct appeal, it could have been, and is now, procedurally defaulted. *See Frady*, 456 F.2d at 441.

### *C. Additional Points of Error*

In his fourth, fifth, and sixth points of error, defendant alleges violations of *Booker, Crawford,* and the Indictment Clause of the Fifth Amendment. All of these arguments are based on events occurring at the trial court level, before any direct appeal, and they could have been raised on direct appeal. This is the first time, however, that defendant raises these arguments. Defendant has not alleged any cause for and prejudice resulting from this failure. *See Rocha*, 109 F.3d at 229. All of these issues are procedurally defaulted. *See Frady*, 456 F.2d at 441.

### V.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge that the motion to vacate, set aside and correct sentence, filed by defendant STEPHEN P. MILLER be DISMISSED in part. Specifically, the United State Magistrate Judge RECOMMENDS all of defendant's points of error (claims 3, 4, 5, and 6) not relating to his ineffective assistance of counsel claims be dismissed. The undersigned will issue another Report and Recommendation regarding the ineffective assistance of counsel claims after conducting an evidentiary hearing.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of this Report and Recommendation to defendant and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 7th day of August, 2009.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).